UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                        )
RHONDA D. THEUS,                        )
                                        )
           Plaintiff,                   )
                                        )
     v.                                 )    Civil Action No. 14-1530 (ABJ)
                                        )
ALLY FINANCIAL, INC.,                   )
                                        )
                                        )
           Defendant.                   )
                                        )
```

## MEMORANDUM OPINION

Plaintiff Rhonda D. Theus filed this *pro se* lawsuit against defendant Ally Financial, Inc. ("Ally") bringing claims that appear to relate to the financing and repossession of a motor vehicle. Compl. [Dkt. # 1]. Ally has filed a motion to dismiss the complaint on several grounds: lack of federal subject-matter jurisdiction; insufficient service of process; and failure to state a claim. Mot. to Dismiss [Dkt. # 6] ("Def.'s Mot."); Mem. in Supp. of Def.'s Mot. [Dkt. # 6] ("Def.'s Mem."). The Court finds that it lacks subject-matter jurisdiction over this action, so the case will be dismissed.

## BACKGROUND

Plaintiff is a Michigan resident who filed the complaint in this case on September 8, 2014. Compl. Defendant is a Delaware corporation, and it states that its principal place of business is in Detroit, Michigan. Def.'s Mem. at 3. Although the complaint is difficult to decipher, plaintiff's allegations appear to concern a motor vehicle loan, apparently serviced by Ally, on which plaintiff owes $42,532.81. Compl. at 1–2, 8; *see also* Ex. 2 to Compl. [Dkt. # 1] (reflecting "payoff quote" from Ally of $42,532.81); Ex. 3 to Compl. [Dkt. # 1] at 1–2 (contract for installment sale of a

vehicle to plaintiff). In the complaint, plaintiff "seeks to adequately challenge the grand theft auto of the motor vehicle in question," a 2013 Cadillac truck. Compl. at 3. She appears to contend that defendant has engaged in deceptive practices with respect to a loan on the vehicle, and she states that "[i]t shall be hereby established that Ownership of all Property is in the State; forever settling the matter of consumer credit and the protections therewith and that Plaintiff is owed all sums of interest associated with monthly obligations owed to the Defendant and to the State." *Id.* In addition, plaintiff claims that "Defendant cannot produce the original 'wet ink signature' note on the car loan it claims Plaintiff owes an obligation on," and that "[f]iling or producing a 'COPY' of these documents that an alleged obligation is owed on is Counterfeiting on behalf of the Defendant." *Id.* at 4. With respect to relief, plaintiff states that "defendants [sic] must be ordered to cease and desist with any further efforts to the motor vehicle in question and to immediately convey the property in question to Plaintiff; pay the full balance to Plaintiff or face criminal liability for suspicious activities, financial crimes and accounting frauds." *Id.* at 6–7 (emphasis omitted). She specifies that she seeks an award "in the amount of ($USD42,532.81)." *Id.* at 8.

On September 16, 2014, the Court issued an order stating: "Upon review of the complaint, it appears that plaintiff has failed to allege any facts that would indicate that this Court has subject matter jurisdiction over this case." Order (Sept. 16, 2014) [Dkt. # 4] at 1. The Court ordered plaintiff to show cause by October 7, 2014, why the Court had jurisdiction. *Id.* at 1. The Court cautioned plaintiff to keep in mind "the legal requirement of complete diversity of citizenship of the parties and the $75,000 amount in controversy requirement" under 28 U.S.C. § 1332. *Id.* In addition, noting that plaintiff was proceeding *pro se*, the Court advised plaintiff that failing to

respond to the potentially dispositive question posed in the order could result in the dismissal of plaintiff's case. *Id.* at 1–2, citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988).

Defendant filed the pending motion to dismiss on September 29, 2014. Def.'s Mot. The motion asked the Court to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). *Id.* at 1. In addition, defendant requested that the court award it an amount equal to the costs and fees it incurred in connection with bringing its motion to dismiss. *Id.*

On September 30, 2014, the Court issued a Fox Order that informed the *pro se* plaintiff that failing to respond to the motion to dismiss could result in the dismissal of her case. Fox Order [Dkt. # 8] at 1, citing *Fox*, 837 F.2d 507. The Court ordered plaintiff to respond to the motion to dismiss on or before October 24, 2014. *Id.* at 2. The Court also extended the deadline for plaintiff to respond to the September 16, 2014 order to show cause until October 24, 2014, stating that plaintiff could file one pleading in response to both that order and Ally's motion to dismiss. *Id.*

On October 3, 2014, plaintiff filed a pleading entitled "motion to show cause under complete diversity jurisdiction." Mot. to Show Cause Under Complete Diversity Jurisdiction [Dkt. # 9] ("Pl.'s Mot."). Because plaintiff is proceeding *pro se*, the Court construes this motion to be a response to both defendant's motion to dismiss and the Court's September 16, 2014 order to show cause. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Defendant filed an opposition to plaintiff's motion on October 17, 2014. Opp. to Pl.'s Mot. [Dkt. # 10] ("Def.'s Opp.").

On October 20, 2014, the Court issued a minute order noting that defendant had asserted in both its motion to dismiss and its opposition to plaintiff's motion that its principal place of business was in Michigan. Minute Order (Oct. 20, 2014). The Court ordered defendant to "file a

declaration or documentary evidence substantiating the location of its headquarters" if defendant sought "dismissal on the grounds of a lack of complete diversity." *Id.* Defendant filed a response to the Court's order on October 22, 2014, and attached two forms it had filed with the Securities and Exchange Commission ("SEC"), which defendant contends substantiates its claim that its principal place of business is in Detroit. Resp. to Court's Oct. 20, 2014 Order Regarding Ally Financial Inc.'s Principal Office Location [Dkt. # 11] ("Def.'s Resp."); SEC Form 8-K (Oct. 17, 2014), Ex. A to Def.'s Resp. [Dkt. # 11-1]; SEC Form 10-K (FY 2013), Ex. B to Def.'s Resp. [Dkt. # 11-2].

## STANDARD OF REVIEW

In evaluating a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Nevertheless, "'the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Lyles v. Hughes*, No. 13-0862 (RJL), 2015 WL 1263148, at *2 (D.D.C. Mar. 19, 2015), quoting *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012); *see also Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Because plaintiff is proceeding *pro se*, the Court notes that "[a] document filed *pro se* is 'to be liberally construed,'" and that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94, quoting *Estelle*, 429 U.S. at 106.

## ANALYSIS

The limited original jurisdiction of federal courts extends only to "all civil actions where the amount in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different states," 28 U.S.C. § 1332(a)(1), and to cases that arise under federal law. *See* 28 U.S.C.

5

§ 1331. It is not clear from plaintiff's pleadings which type of federal jurisdiction she seeks to invoke. Regardless, plaintiff has failed to carry her burden to show by a preponderance of the evidence that any of the jurisdictional requirements are met here, and so this case must be dismissed. *See Lujan*, 504 U.S. at 561; *Kokkonen*, 511 U.S. at 377.

First, 28 U.S.C. § 1332 does not apply in this case because the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff expressly states in the complaint that she seeks an award of $42,532.81. Compl. at 8. Both the Court and defendant brought the amount-in-controversy issue to plaintiff's attention. Order (Sept. 16, 2014) at 1; Def.'s Mot. at 3. In response, plaintiff argued "that there are two consecutive cases filed by Plaintiff that will exceed $75,000.01 and therefore, qualifying the instant matter to be heard by this Court under original and complete Diversity jurisdiction." Pl.'s Mot. at 2. In that statement, plaintiff presumably referred to a lawsuit related to a foreclosure on real property that she filed in this Court on July 24, 2014, against Selene Finance, Inc. and Clearmont LLC. *See Theus v. Selene Fin., LLC*, No. 14-1280 (ABJ) (D.D.C. March 14, 2015). But even if it were appropriate for plaintiff to aggregate the amount-in-controversy across two separate cases – which it is not – she has not shown that that the defendants in both cases are jointly liable to her. *See GenopsGroup LLC v. Public House Investments LLC*, No. 14-0893 (ESH), 2014 WL 4567619, at *2 (D.D.C. Sept. 16, 2014) ("[C]laims against multiple defendants can be aggregated only when the defendants are jointly liable to the plaintiff.") (citations omitted). Thus, the Court finds that plaintiff has not carried her

burden to show that the Court has jurisdiction over her case on diversity grounds.[1]  *See Lujan*, 504 U.S. at 561; 28 U.S.C. § 1332(a).

In addition, the Court lacks jurisdiction over this case because plaintiff has failed to plead any claim that arises under federal law.  *See* 28 U.S.C. § 1331.  In the complaint, plaintiff refers to federal statutes related to counterfeiting, but these criminal provisions do not include a private right of action.  *See* Compl. at 4–5, citing the Counterfeit Deterrence Act of 1992, codified at 18 U.S.C. §§ 471, 474, 474A; 18 U.S.C. §§ 472–74.  She also makes reference to the UCC and notes that defendant "is not able to loan 'their or their depositor's money' under FEDERAL LAW."  *Id.* at 3–4 (emphasis omitted).  In addition, in the motion to show cause, plaintiff cites the Fourteenth Amendment and the Class Action Fairness Act of 2005.  Pl.'s Mot. at 2–3.  None of these provisions or principles, however, amounts to a cause of action here, especially given that defendant is not a government entity or state actor, and that plaintiff has not brought a class action lawsuit.  Thus, plaintiff has not carried her burden to establish that the Court has jurisdiction over this case under 28 U.S.C. § 1331.  *See Lujan*, 504 U.S. at 561.

---

1   Because the Court finds that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not met here, the Court need not consider defendant's argument that there is incomplete diversity in this case.  If it is true, as defendant claims, that Ally's principal place of business is in Detroit, Michigan, *see* Def.'s Mot. at 2; Def.'s Opp. at 7, then diversity is incomplete.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").  But the evidence supplied by defendant to prove the location of its principal place of business – an SEC form 8-K and an SEC form 10-K – is the type of information that the Supreme Court has stated is not sufficient to make this showing.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) ("[W]e reject suggestions such as, for example, the one made by petitioner that the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'").

## CONCLUSION

For the reasons stated above, the Court will grant the motion to dismiss of defendant Ally Financial, Inc., and it will deny plaintiff's motion to show cause as moot. The Court declines, however, to award costs and fees to defendant. A separate order will issue.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: April 15, 2015